## DUNN *v.* MEYER.

1. DRAINS—HIGHWAYS AND STREETS—STATUTES.

   Proper method of determining necessity of drain whose purpose appears to be to drain land and not highways is proceeding by drain commissioner rather than by highway commissioner (1 Comp. Laws 1929, § 4951).

2. SAME—INJUNCTION.
    Court may interfere when highway commissioner acts beyond
    his powers in constructing drain to drain land rather than
    highway.

3. SAME—HIGHWAYS AND STREETS.
    Highway commissioner has power to construct drain through
    lands adjacent to highway only in event that principal pur-
    pose and effect of drain is drainage of highway (1 Comp.
    Laws 1929, §§ 4949–4951).

4. SAME—INJUNCTION.
    Construction by highway commissioner of drain whose principal
    object was drainage of private lands rather than highway was
    properly enjoined by court below (1 Comp. Laws 1929, §§ 4949–
    4951).

Appeal from Bay; Toms (Robert M.), J., presid-
ing. Submitted January 20, 1931. (Docket No. 40,
Calendar No. 35,385.) Decided February 27, 1931.

Bill by William P. Dunn and others against Theo-
dore Meyer, Hampton township highway commis-
sioner, and others to enjoin the construction of a
drain alleged to benefit certain highways. Decree
for plaintiffs. Defendants appeal. Affirmed.

. *Gilbert W. Hand,* for plaintiffs.

. *Kinnane & Leibrand,* for defendants.

BUTZEL, C. J. Plaintiffs are owners of farm lands
in sections 20, 28, and 29, Hampton township, in
Bay county. Their lands are traversed by or are
situated close to the old and abandoned roadbed of
the Detroit, Bay City & Western Railway Company.
It is located a quarter of a mile south of and par-
allel to Center avenue, a State trunk line, leading
to Bay City, approximately three miles distant from
the farm lands involved in this litigation. Center

avenue lies on the north line of sections 28 and 29, Ridge road lies on the east and west quarter line, a half a mile south of Center avenue. On the west side of section 29 is the Knight road, and on the east, adjacent to section 28, is the Merrill road. Midway between and parallel to them is another road which we shall refer to as the additional North and South road.

Center avenue is provided with a tile drain on each side. Normally all the water flows east into the Merrill ditch where it turns north, but these tiles are so small that after a heavy rain the water backs up and flows over on the farms to the south of the road. Ridge road is drained by a ditch on its south side. The water flows into the Merrill ditch and nearly all of it is turned north, because of the small opening to the east. In the past this has caused the Merrill ditch to overflow after a hard rain, but danger from this source was largely overcome when the Merrill ditch was cleaned out in 1929. The additional north and south quarter line road in section 29 drains into small ditches which normally empty into the Center avenue drain. In times of high water, however, the water may not be drained off, and this road thus becomes flooded. Neither the map nor the testimony in the record would indicate that this north and south road is an important one. The drainage of Center avenue, the main trunk highway, seems to be stressed as the reason for the proceedings that are the subject of the present litigation, but the need of more drainage for Center avenue as a highway is not shown. There is water on some of the lands south of Center avenue. Prior to the action by the highway commissioner herein complained of, proceedings were brought by the drain commissioner to construct a

drain through the strip of land formerly belonging to the Detroit, Bay City & Western Railway and abandoned for railroad purposes. The record fails to show how or why these proceedings came to naught. It was a proper method of determining the necessity of a drain whose purpose appears to be to drain lands and not highways. It would have given all parties interested an opportunity to be heard and be compensated for such damages, if any, as they might be entitled to were such drain found necessary.

At the request of certain property owners, some of whose interests are opposed to plaintiffs' and whose lands abut Center avenue and also the old railroad roadbed, or both of them, the highway commissioner recommended to the township board of Hampton township that a drainage ditch ten feet in width at the top and four feet in depth be dug for a distance of two miles, through sections 28 and 29, along the strip of land formerly belonging to the Detroit, Bay City & Western Railway. This strip of land was purchased by property owners who are opposed to plaintiffs' interests. Shortly after this suit was begun, they donated and deeded the strip of land to the township. It is claimed that they thus showed that they wanted the ditch in order to drain their lands and not for highway purposes. The board authorized the highway commissioner to construct the drain. Thereupon plaintiffs brought this suit against the commissioner, the clerk, and the supervisor to restrain the construction of this drain. They charge in their bill of complaint that the drain is solely in the interest of individuals favored by the officers and not for highway purposes, and that it would result in great and irreparable injury to

the plaintiffs. A permanent injunction was granted by the trial judge.

Defendants contend that the court is without power to pass on the manner in which the highway commissioner exercised the discretion vested in him. It, however, by no means follows that a court should not interfere when such officer is acting beyond his powers. Defendants are proceeding under sections 4949, 4950, and 4951 of the Compiled Laws of 1929. Section 4951 provides:

"Nothing in the provisions of the preceding sections shall be construed as giving to highway commissioners power to lay out and construct drains having any other purpose than the drainage of highways."

Giving to that section its natural meaning, we conclude that a highway commissioner has power to construct a drain through lands adjacent to the highway only in the event that the principal purpose and effect of the drain is the drainage of the highway. If it is apparent that the object of the proposed ditch is to drain the lands of individuals and not the roads, the highway commissioner is without authority to construct it. We do not discuss whether the lands the proposed drain was to traverse were adjacent to the highway as prescribed by statute.

There is considerable testimony in the record as to the effect the proposed drain would have if built. It was said that the Knight road and the Merrill road would both be benefited; but since neither ditch would be connected with the proposed ditch, it is difficult to see how more than a negligible amount of water would be drawn off. Center avenue, the main highway to be drained, is a quarter of a mile to the north and the natural slope is opposed to

water flowing towards the proposed ditch. It is claimed that enlarging the present drains along Center avenue would largely stop the flooding of the lands of those who are urging the building of the drain. Ridge road, likewise a quarter of a mile away to the south, has a poor flow to the east in section 28, where it is most in need of drainage, but it is very doubtful whether drainage through the proposed ditch would be effective. A careful examination of the record leads us to the conclusion that the principal object of this ditch is the drainage of private lands. The trial judge so found in rendering a decree for plaintiffs.

The decree is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.